Kent B. Goss (State Bar No. 131499)
  KGoss@crowell.com
Raija J. Horstman (State Bar No. 277301)
  RHorstman@crowell.com
Laura Schwartz (State Bar No. 302907)
  LSchwartz@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, CA  90071
Telephone:  213.622.4750
Facsimile:   213.622.2690

Attorneys for Plaintiff
EVOX PRODUCTIONS, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Subpoenas to Automattic Inc. | Misc. Case No. 23-mc-80298 |
| | Pending Case:<br>*Evox Productions, LLC v. Yahoo Inc.*,<br>Case No. 2:20-cv-02852-CBM-MAAx<br>(C.D. Cal.) |
| | **EVOX PRODUCTIONS, LLC'S NOTICE OF MOTION AND MOTION TO COMPEL AUTOMATTIC INC. TO COMPLY WITH SUBPOENAS** |

## NOTICE OF MOTION AND MOTION

To all parties and counsel of record, please take notice that on December 18, 2023 at 10:00 am at 450 Golden Gate Avenue, San Francisco, CA 94102,[1] Plaintiff Evox Productions LLC ("Evox") respectfully moves this Court to order that Automattic Inc. ("Automattic") comply with the June 5, 2023 subpoenas ("Subpoenas") served on Automattic in *Evox Productions, LLC v. Yahoo Inc.*; Case No. 2:20-cv-02852 CBM (JEMx), presently pending in the United States District Court for the Central District of California –  (the "C.D. Cal. Action"). The C.D. Cal. Action is a copyright infringement case.

By this motion, Evox seeks documents and testimony from Automattic that could prove an essential element of Evox's claim against Yahoo. Evox owns copyrights in over 400,000 high quality automotive photographs. In 2014, Yahoo entered into a license agreement with Evox, which permitted Yahoo to display and host those copyrighted photographs on Yahoo's websites, including the social media platform Tumblr. After Yahoo terminated the license with Evox in 2016, Yahoo failed to remove Evox's copyrighted photographs from public display, including from Tumblr until 2019 (and after two cease and desist letters from Evox). Thus, Evox sued Yahoo in the C.D. Cal Action for copyright infringement. Automattic purchased Tumblr from Yahoo in 2019 and possesses Tumblr's business records that are relevant to Yahoo's copyright infringement, such as viewer and user metrics for the Tumblr website, communications with Yahoo or third parties about Evox, the copyrighted photographs, or the C.D. Cal. Action, and documents from the acquisition by Automattic.[2] Automattic has refused to produce ***any*** documents, relying on boilerplate objections and because it says the documents could be obtained from Yahoo. Yahoo did produce two spreadsheets that its

---

[1] Evox will serve an updated notice of motion once this matter has been assigned to a Judge.

[2] Evox's first cease and desist letter was sent in 2018, so Yahoo was aware of Evox's claim of copyright infringement prior to the sale of Tumblr to Automattic.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

NOTICE AND MOTION TO COMPEL;
MISC. CASE NO. 23-mc-80298.

counsel has represented were obtained from Automattic purporting to show Tumblr viewer and user metrics.[3] However, neither Automattic nor Yahoo have stated whether there are other responsive documents related to Evox's request. These Tumblr metrics could conclusively establish Yahoo's copyright infringement, and are in Automattic's possession. Moreover, Yahoo would not be in possession of any communications between Automattic and a third party related to Evox, the copyrighted photographs or this litigation. Therefore, Evox is forced to seek an order from this Court compelling Automattic to produce all responsive documents in accordance with its Subpoena. Furthermore, Automattic agreed to produce a corporate representative to testify in response to certain topics (such as the two spreadsheets Yahoo produced), yet has never provided a date for the deposition despite attempts to schedule the deposition by Evox. Moreover, Automattic has refused to produce a witness for the other topics that correspond with Evox's document requests. Therefore, Evox is also seeking an order from this Court compelling Automattic to produce a corporate representative to testify to all the topics in its Subpoena.

## ISSUES TO BE DECIDED

Whether Automattic should be compelled to produce documents and a corporate representative for deposition in accordance with Evox's Subpoenas regarding: (1) viewer and user metrics of Tumblr, including metrics specific to Evox's copyrighted photographs on Tumblr and sufficient to show total usage of Tumblr during the infringement period; (2) its acquisition of Tumblr, including the purchase agreement, due diligence materials that relate to Evox, its copyrighted photographs or the C.D. Cal. Action, and documents received that relate to the value of Tumblr and the viewer and user metrics of Tumblr; and (3) its communications with third parties (including Yahoo) related to Evox, Evox's

---

[3] Yahoo has represented that it does not have possession or control of Tumblr's business records post-acquisition, and that the spreadsheets were obtained "as a courtesy."

copyrighted photographs or the C.D. Cal. Action.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

NOTICE AND MOTION TO COMPEL;
MISC. CASE NO. 23-mc-80298

## **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES .............................................. 8

I.    INTRODUCTION ........................................................................................... 8

II.   FACTUAL BACKGROUND ......................................................................... 9

    A.    Evox Sued Yahoo for Copyright Infringement in the C.D. Cal. Action ...................................................................................................... 9

    B.    Automattic Failed to Comply with Evox's Subpoenas ...................... 10

III.  LEGAL STANDARD .................................................................................. 12

IV.   ARGUMENT ............................................................................................... 13

    A.    Evox Seeks Documents and Testimony That Are Relevant *and Potentially Dispositive* of Its Claims That Yahoo Improperly Displayed Its Copyrighted Images. ................................................... 13

    B.    Evox's Subpoenas Are Proportional Because Society Values Copyright Protection, The Amount in Controversy is Substantial, and Evox Otherwise Has No Visibility into Tumblr Metrics. ............................................................................................... 14

    C.    Automattic has made no showing of any burden, much less undue burden. .................................................................................... 15

    D.    Yahoo's Privilege, Constitutional and Statutory Arguments are Wholly Inapposite. ........................................................................... 16

V.    CONCLUSION ............................................................................................ 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amazing Ins., Inc. v. DiManno*,
  No. 219CV01349TLNCKD, 2020 WL 5440050 (E.D. Cal. Sept.
  10, 2020) ...................................................................................................15

*Bayside Sols., Inc. v. Avila*,
  No. 21-CV-08738-PJH, 2023 WL 1415596 (N.D. Cal. Jan. 31,
  2023) .........................................................................................................12

*Bell v. Wilmott Storage Servs., LLC*,
  12 F.4th 1065 (9th Cir. 2021) ....................................................................13

*Burlington N. & Santa Fe Ry.*, 408 F.3d 1142, 1149 (9th Cir. 2005) ..............16, 17

*Davis v. HDR Inc.*,
  606 F. Supp. 3d 898 (D. Ariz. 2022) ..........................................................17

*Erickson v. Builder Advisor Grp. LLC*,
  No. 22-MC-80094-TSH, 2022 WL 1265823 (N.D. Cal. Apr. 28,
  2022) .....................................................................................................12, 13

*Evox Prods., LLC*, 2022 WL 17430309 (9th Cir. 2022 ...................................13

*Lofton v. Verizon Wireless (VAW) LLC*,
  308 F.R.D. 276 (N.D. Cal. 2015) ................................................................15

*Martin v. Evans*,
  No. C 08-4067 JW MEJ, 2012 WL 1894219 (N.D. Cal. May 23,
  2012) .........................................................................................................16

*NAACP v. State of Ala. ex rel. Patterson*,
  357 U.S. 449 (1958) ...................................................................................17

*In re Perez by Allen*,
  No. 20-MC-80191-VKD, 2020 WL 7056024 (N.D. Cal. Dec. 2,
  2020) .........................................................................................................12

*Perfect 10, Inc. v. Amazon.com, Inc.*,
  508 F.3d 1146 (9th Cir. 2007) .................................................................8, 13

CROWELL
& MORING LLP
ATTORNEYS AT LAW

NOTICE AND MOTION TO COMPEL;
MISC. CASE NO. 23-mc-80298.

*In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp.*,
337 F.R.D. 639 (N.D. Cal. July 23, 2020)............................................................ 12

*In re Tesla, Inc. Sec. Litig.*,
No. 18CV04865EMCKAW, 2021 WL 3615906 (N.D. Cal. Aug.
16, 2021) ............................................................................................................... 16

*Viacom Int'l, Inc. v. YouTube, Inc.*,
No. C 08-80129 SI, 2008 WL 3876142 (N.D. Cal. Aug. 18, 2008) .................. 14

*In re Zynga Priv. Litig.*,
750 F.3d 1098 (9th Cir. 2014) ............................................................................ 17

**Statutes**

17 U.S.C. § 504(c)(1) ................................................................................................ 15

**Other Authorities**

Fed. R. Civ. P. 26(b)(1) ............................................................................................ 12

Fed. R. Civ. P. 45(d)(3)(A)....................................................................................... 12

Fed. R. Civ. Proc. 45................................................................................................. 12

CROWELL
& MORING LLP
ATTORNEYS AT LAW

NOTICE AND MOTION TO COMPEL;
MISC. CASE NO. 23-mc-80298

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

There is no valid reason for Automattic to object or fail to comply with Evox's document and deposition subpoenas which are narrowly tailored to discover the viewership of Evox's copyrighted images by consumers on the Tumblr site, or show the value of the use of Evox's copyrighted photographs on Tumblr. Yahoo's infringement via the Tumblr website occurred when Yahoo owned Tumblr, but since Automattic acquired Tumblr from Yahoo, Automattic is in possession, custody, and control of the relevant documents and information, and would not face any undue burden by producing the documents. The Court should compel Automattic's compliance with both Subpoenas for the following four reasons.

*First*, the information sought is plainly relevant to show that Yahoo improperly displayed and distributed Evox's photographs because Tumblr viewer and user metrics ("Tumblr metrics") and related data could prove that Yahoo "communicate[d] the stored image[s] electronically to another person's computer." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1160 (9th Cir. 2007).  In other words, in connection with Automattic's acquisition of Tumblr, data exchanged hands related to unique visitors to the site, viewer metrics (data showing how many copyrighted images were viewed on Tumblr during the infringement period), as well as revenue generated by Evox's photographs for the Tumblr site.  This type of data (which has not been produced by Yahoo) is core to Evox's damages for copyright infringement.

*Second*, the information sought is proportional to the needs of the case because society values copyright protection, Evox has no visibility into Tumblr metrics itself, the dollar value at issue is arguably in the hundreds of millions of dollars.  Evox attempted to meet and confer with counsel to eliminate any purported burden, and offered compromises in an attempt to resolve the matter without court involvement. Automattic, however, has refused to produce any documents and

CROWELL & MORING LLP
ATTORNEYS AT LAW

- 8 -                NOTICE AND MOTION TO COMPEL;
MISC. CASE NO. 23-mc-80298.

failed to provide any date for a deposition.

*Third*, Automattic has made no showing of undue burden or expense and Evox cannot obtain documents and information that are solely in Automattic's possession and control from any other source.

*Fourth*, Automattic has not carried its burden to show that any of its boilerplate objections have merit, and its privilege and Constitutional arguments are wholly inapplicable to the categories of information that Evox has requested.

Accordingly, Evox seeks an order from the Court compelling Automattic to produce all responsive documents and a corporate representative to testify pursuant to the Subpoenas.

## II.      FACTUAL BACKGROUND

### A.      Evox Sued Yahoo for Copyright Infringement in the C.D. Cal. Action

In 2014, Yahoo entered into a license agreement with Evox, which permitted Yahoo to display and host over 400,000 of Evox's copyrighted photographs on Yahoo's websites including Tumblr. Declaration of Raija Horstman ("Horstman Decl."), Ex. A at ¶ 17. During the term of the license, Yahoo created a Tumblr blog named "evox on Yahoo" that distributed and displayed the entirety of EVOX's copyrighted photographs licensed to Yahoo (the "TUMBLR EVOX BLOG").

After Yahoo terminated the license with Evox, Yahoo failed to remove Evox's copyrighted photographs from public display. *Id*. at ¶¶ 24, 28-30. In March 2018, Evox sent a cease and desist letter to Yahoo, but Yahoo did not remove the images from Tumblr, and Evox sent a second cease and desist letter in June 2019. *Id*. at ¶¶ 43-47.

After initial motion practice, Evox filed a First Amended Complaint in the C.D. Cal. Action on May 31, 2021. *Id*. On August 23, 2021, the District Court dismissed Evox's First Amended Complaint with prejudice. C.D. Cal. Dkt. 65. The Ninth Circuit subsequently reversed the dismissal of Evox's copyright infringement

claim noting "[t]he facts alleged by Evox support its contention that [Yahoo] actually displayed Evox's images on Yahoo's Tumblr blog and Yahoo Autos – both of which were accessible to anyone with an Internet connection." C.D. Cal. Dkt. 76, at 3. The case was remanded on December 28, 2022. C.D. Cal. Dkt 77.

### B.   Automattic Failed to Comply with Evox's Subpoenas

The viewer/user metrics reports for Tumblr that would establish Evox's copyright infringement claim were solely in the possession, custody and control of Yahoo until the time that Automattic purchased Tumblr from Yahoo (or a Yahoo affiliate) in late 2019. Horstman Decl. ¶ 5. By the time of Automattic's acquisition, Evox had already sent two cease and desist letters to Yahoo, so Yahoo was well aware of the need to preserve this highly relevant evidence. Horstman Decl., Ex. A at ¶ 45. In the C.D. Cal Action, Yahoo produced two spreadsheets that it's counsel represented were obtained from Automattic that purport to show viewer metrics related to the TUMBLR EVOX BLOG. Horstman Decl. ¶ 6. But, Yahoo stated that Evox would need to request any other Tumblr records from Automattic. *Id.* Therefore, Evox sought the documents and information directly from Automattic.

On June 5, 2023, Evox served a deposition subpoena and a separate document subpoena. *See* Horstman Decl., ¶ 3, Ex. B. Evox's topics for examination and requests for documents are narrowly tailored to seek documents regarding:

> (1) viewer metrics of Tumblr, including metrics specific to Evox's copyrighted photographs on Tumblr and sufficient to show total usage of Tumblr during the infringement period and Automattic's efforts to search for and provide documents, including the two spreadsheets Yahoo produced[4] (Topic 1, 6-8 and RFP 1-6);

---

[4] Yahoo represented that the spreadsheets produced by Yahoo bearing Bates Nos. YAH019972-YAH020001 and YAH024779-YAH026578 were obtained from Automattic and represent viewer metrics of the TUMBLR EVOX BLOG. Horstman Decl., ¶ 6. Automattic has acknowledged the same. *Id; see also* Horstman Decl., Ex. C. However, it is unclear from the face of the documents what data is presented.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

NOTICE AND MOTION TO COMPEL;
MISC. CASE NO. 23-mc-80298

(2) Automattic's acquisition of Tumblr, including the purchase agreement, due diligence materials that relate to Evox, its copyrighted photographs or the C.D. Cal. Action, and documents received that relate to the value or viewer metrics of Tumblr[5] (Topic 2, 3 and RFP 7-9); and

(3) Automattic's communications with third parties or Yahoo related to Evox, Evox's copyrighted photographs or the C.D. Cal. Action (Topic 4, 5 and RFP 10-11).

*Id.* On June 30, 2023, Automattic served its responses and objections to the subpoenas. *See* Horstman Decl., ¶¶ 7-8, Exs. C, D.  As to the documents, Automattic made the same boilerplate burden and "attorney client privilege, work-product doctrine, First Amendment, ECPA, or other constitutional, statutory or common law privilege" objections to each request. *See* Horstman Decl., ¶ 7, Ex. C. Automattic further objected to RFP Nos. 1-6 as duplicative, and to RFP Nos. 7-11 that they can be obtained from a party other than Automattic. *Id.* As to the document subpoena, Automattic cut and pasted the same objection into each and every topic.

> Automattic objects to this topic on the ground that it is overbroad, unduly burdensome, and seeks information not relevant to the claims or defenses of any party, including because it is unjustified discovery about discovery. Automattic further objects that this request seeks information protected by the attorney-client privilege, the work product doctrine, and the common interest privilege.

*See* Horstman Decl., ¶ 8, Ex. D. Despite its boilerplate objections, Automattic did agree to produce a witness as to Topics 1, 7 and 8. *Id.* Evox attempted to meet and confer with Automattic to resolve the dispute, but was unable to reach an agreement. *See* Horstman Decl., ¶¶ 4, 10-11, Ex. F. To date, Automattic has refused

---

[5] Evox attempted to further narrow this request to documents that were placed in the data room related to the acquisition, and even offered to review an index to identify which documents it believed were responsive. *See* Horstman Decl., Ex. F. Automattic refused and offered no alternative. *Id.*

to produce any documents or make a corporate representative available for deposition.

### III.    LEGAL STANDARD

"The scope of [written] discovery available by document subpoena under Rule 45 of the Federal Rules of Civil Procedure is the same as the scope of discovery available under Rule 34." *Bayside Sols., Inc. v. Avila*, No. 21-CV-08738-PJH, 2023 WL 1415596, at *1 (N.D. Cal. Jan. 31, 2023); *see* Fed. R. Civ. P. 45, advisory committee notes to 1970 amendment ("the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules"). The scope of discovery permitted by deposition subpoena under Rule 45, including of a non-party, is likewise the same as that permitted of a party under Rule 26. *In re Perez by Allen*, No. 20-MC-80191-VKD, 2020 WL 7056024, at *2 (N.D. Cal. Dec. 2, 2020).

A party may obtain discovery from a nonparty of any non-privileged matter that is relevant to its claim or defense so long as it is also proportional to the needs of the case and doesn't impose an undue burden. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 45(d)(3)(A). A determination of proportionality is made "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp.*, 337 F.R.D. 639 (N.D. Cal. July 23, 2020) (quoting Fed. R. Civ. P. 26(b)(1)).

On a motion to compel discovery, once the moving party establishes that the information requested is "within the scope of permissible discovery," the "burden then shifts to the party opposing discovery" to establish why the discovery should not be permitted. *Erickson v. Builder Advisor Grp. LLC*, No. 22-MC-80094-TSH, 2022 WL 1265823, at *2 (N.D. Cal. Apr. 28, 2022). If the opposing party fails to

make the requisite showing, it is not entitled to relief and must be ordered to comply with the subpoena as written. *See, e.g., id.* at *3.

## IV.    ARGUMENT

### A.    Evox Seeks Documents and Testimony That Are Relevant *and Potentially Dispositive* of Its Claims That Yahoo Improperly Displayed Its Copyrighted Images.

First, Requests 1-6 and Topics 1, 7-8 relate to the viewer/user metrics and usage information in Automattic's possession that directly bear on an essential element of Evox's copyright infringement claim – the extent of the infringement. Evox alleges that Yahoo infringed its copyrights by, among other things, displaying its protected images on Yahoo's Tumblr page long after its license expired. Evox seeks documents that would show its images were "delivered by the infringer to website viewers' screens." *Evox Prods., LLC*, 2022 WL 17430309, at *1 (9th Cir. 2022); *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1160 (9th Cir. 2007) (an entity "displays a photographic image" within the meaning of the copyright law when it "us[es] a computer to fill a computer screen with a copy of the photographic image fixed in the computer's memory" or "communicate[s] the stored image electronically to another person's computer."); *Bell v. Wilmott Storage Servs., LLC*, 12 F.4th 1065, 1073 (9th Cir. 2021) (holding an entity can violate the prohibition on public display of copyrighted works by making an image available online).

Yahoo produced two spreadsheets that were provided to Yahoo by Automattic. Horstman Decl., ¶ 6. However, as discussed in more detail below, both Yahoo and Automattic have been unwilling to provide verified responses or deposition testimony as to whether there are additional documents and information regarding the requested Tumblr metrics. Evox is entitled to know the answer and to obtain additional Tumblr metrics to the extent they exist. Automattic (and Yahoo) should not be entitled to cherry pick what information it provides. Moreover, because Automattic and Yahoo have not clarified whether there is any additional

information specifically related to Evox, Evox also sought documents sufficient to show viewer metrics for Tumblr as a whole in Requests 4-5 that would provide circumstantial evidence of viewership and user access. *Id.* Hopefully, Automattic would simply tell Evox that it does not have this information if that were true. That has not been stated as of the date of the filing of this motion.

Second, Automattic purchased Tumblr after Yahoo was aware of Evox's copyright infringement claim. Evox seeks to discover what was disclosed or discussed about the use of Evox's copyrighted photographs on Tumblr as part of the acquisition, not only because it would show the magnitude of Yahoo's infringement, but also because it would show the value of Tumblr and its content (including the Evox images), and Evox's potential damages from the infringement.

Finally, Evox also sought a narrow set of communications between Automattic and Yahoo or third parties *about this lawsuit or Evox's copyrighted photographs*. At a minimum, we know there must have been communications between Automattic and Yahoo in order to request and provide the spreadsheets. The discovery sought is plainly relevant.

### B. Evox's Subpoenas Are Proportional Because Society Values Copyright Protection, The Amount in Controversy is Substantial, and Evox Otherwise Has No Visibility into Tumblr Metrics.

The discovery requested is also proportional because copyright law is important to society, Evox's damages claim is significant, and Evox itself has no access to Tumblr viewer/user metrics.

First, the discovery at issue bears on the protection of intellectual property, which is a matter of public policy. Copyright law facilitates investment in authorship and advancement, protects authors' competitive advantage in the marketplace, and contributes to the cultural enrichment of society. Such rights are enshrined in statute, policed by government agencies, and zealously protected by the courts. *See, e.g., Viacom Int'l, Inc. v. YouTube, Inc.*, No. C 08-80129 SI, 2008 WL 3876142, at *5 (N.D. Cal. Aug. 18, 2008) (finding that the copyright issues "at

stake are also important not only for defendant YouTube, but also for the future of user-generated video on the internet").

Second, the amount in controversy is significant due to the size and scale of Yahoo's infringement, including via Tumblr. Yahoo infringed hundreds of thousands of Evox's individual works, *see* C.D. Cal. Dkt. 53, FAC ¶ 12, and statutory damages for copyright infringement can range from $750 to $30,000 per work. 17 U.S.C. § 504(c)(1).

Third, Evox has no visibility whatsoever into Tumblr's viewer/user metrics during the infringing period. Automattic is solely in possession, custody, and control of Tumblr's viewer/user metrics and its communications with third parties about Evox or the litigation. Moreover, Yahoo has failed to produce any documents from the sale of Tumblr to Automattic, nor has Yahoo produced any communications with Automattic. Therefore, Evox is seeking the documents directly from Automattic. *See Amazing Ins., Inc. v. DiManno,* No. 219CV01349TLNCKD, 2020 WL 5440050, at *7 (E.D. Cal. Sept. 10, 2020) (granting contemporaneous motions to compel against third parties and parties, and ordering parties to produce docs within 48 hours and third parties to produce within 15 days).

### C.    Automattic has made no showing of any burden, much less undue burden.

A party claiming an undue burden must do so with specificity or else the objection is waived. *E.g., Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015) (rejecting "boilerplate objections on grounds of undue burden" because '[i]t is well established that 'all grounds for objections to [discovery] must be stated with specificity [in the initial response] or the objection is waived[.]'") (citation omitted). Automattic's wholesale failure to describe any hardship renders its written objection meaningless.

Evox must obtain discovery on Tumblr viewer/user metrics and usage from

Automattic because Automattic has possession and control of Tumblr's records. Yahoo has represented that the Tumblr business records were transferred as part of the sale and Evox would need to subpoena Automattic to obtain any additional information. *See* Horstman Decl. at ¶ 7. Apparently, Automattic was willing to provide information to Yahoo voluntarily, but has steadfastly refused to produce any information to Evox. This is improper. In any event, Automattic's objection that Evox could obtain the documents from Yahoo does not excuse its obligation under the Federal Rules of Civil Procedure to produce relevant and responsive documents, because such an obligation does not impose an undue burden on Automattic. *See In re Tesla, Inc. Sec. Litig.*, No. 18CV04865EMCKAW, 2021 WL 3615906, at \*1 (N.D. Cal. Aug. 16, 2021) (Rule 45 only operates to quash or modify a subpoena if it "'subjects a person to undue burden'").

### D.   Yahoo's Privilege, Constitutional and Statutory Arguments are Wholly Inapposite.

In the face of Evox's overwhelming showing of relevance and proportionality, Automattic cannot meet the now-shifted burden to prove the discovery is improper. Its privilege, Constitutional and statutory objections, which it cuts and pastes into every response, are unsupported and inapplicable to the information requested.

First, Automattic's privilege objection lacks the requisite specificity required to invoke privilege. "[T]o properly claim attorney-client privilege, the claimant must specifically designate and describe the documents claimed to be within the scope of the privilege and to be reasonably precise in stating the reasons for preserving their confidentiality." *Martin v. Evans*, No. C 08-4067 JW MEJ, 2012 WL 1894219, at \*5 (N.D. Cal. May 23, 2012) (quoting *United States v. Osborn*, 561 F.2d 1334, 1339 (9th Cir. 1977)); *see also Burlington N. & Santa Fe Ry.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Automattic has done neither and thus its privilege assertions are "[b]oilerplate," "improper," "and amount to 'no claim of privilege at

all.'" *Id.* (citations omitted). Moreover, Automattic does not explain how any of the categories of documents Evox requests—Tumblr Metrics, Tumblr purchase agreement and due diligence materials, or communications with third parties about Evox or the C.D. Cal. Action could possibly be privileged.

Second, Automattic's invocations of the First Amendment and the Electronic Communications Privacy Act of 1986 ("ECPA") are simply inapplicable.

As to the First Amendment objection, Evox is not a state actor so the concerns underlying the protection of anonymous speech do not apply. *See, e.g.*, *NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 461 (1958) ("In the domain of these indispensable liberties, whether of speech, press, or association, the decisions of this Court recognize that abridgement of such rights, even though unintended, may inevitably follow from varied forms of *governmental action*.") (emphasis added).

As to the ECPA, it protects only the contents of user *communications*. "Likes", "comments", "shares" or reblogs (*see* RFP 3) are not protected communications. *See Davis v. HDR Inc.,* 606 F. Supp. 3d 898 (D. Ariz. 2022) ("Electronic communications which are 'readily accessible to the general public' are explicitly exempted from protection under the Wiretap Act and the SCA. § 2511(2)(g)."). Moreover, Evox seeks information on the volume of users (RFP Nos. 1, 2, 4 and 5) that are at most "record information regarding the characteristics of the message" which are exempt from the statute's protections. *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014). And the ECPA is certainly no basis for Automattic to withhold its *own* business communications (RFP Nos. 10, 11); *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1105 (9th Cir. 2014) ("ECPA provides a cause of action to *third parties* for violations of the Wiretap Act and the Stored Communications Act.").

Automattic's privilege, Constitutional and statutory objections are without merit.

## V.    CONCLUSION

For the foregoing reasons, Evox respectfully requests the Court compel Automattic to comply with the document and deposition Subpoenas.

Dated:  November 13, 2023                    CROWELL & MORING LLP

By: */s/ Raija J. Horstman*
    Kent B. Goss
    Raija J. Horstman
    Attorneys for Plaintiff
    EVOX PRODUCTIONS, LLC

CROWELL
& MORING LLP
ATTORNEYS AT LAW

NOTICE AND MOTION TO COMPEL;
MISC. CASE NO. 23-mc-80298